IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Joseph M. Fulton,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 1:11cv1214 (JCC/JFA) |
| William W. Muse,<br>Defendant. | )<br>)<br>) | |

MEMORANDUM OPINION

Joseph M. Fulton, a Virginia inmate acting pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that his right to due process was violated when his request for geriatric parole release was denied by the Virginia Parole Board ("VPB"). The sole defendant in the lawsuit is William W. Muse, Chairman of the VPB. The matter is now before the Court on defendant's Motions for Summary Judgment as to both the initial and supplemental complaints. Plaintiff was provided with the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) as to both motions, and he has filed an objection to defendant's summary judgment motions and a supporting declaration. After careful consideration, defendant's Motions for Summary Judgment will be granted, and summary final judgment will be entered in his favor. Also pending before the Court are plaintiff's Renewed Motion to Set Aside Court's Order Granting Respondent's Motion for Enlargement of Time and Motion for Default Judgment, and defendant's Motion for Protective Order, all of which will be denied, as moot.

I. Background

The following material facts are uncontested. On January 26, 1999, plaintiff Joseph

Fulton was convicted of aggravated sexual battery and sodomy in the Hampton Circuit Court. Plaintiff was sentenced to serve 76 years in prison with 60 years suspended, for a total active term of 16 years. Compl., Ex. 3, "Overall Facts." On March 23, 2011, plaintiff submitted a petition for geriatric conditional release to the VPB. Compl., Ex. 3. On April 5, 2011, the VPB, through defendant Muse, notified plaintiff that his petition had been reviewed, and that "[a]fter a careful study and evaluation of all available information pertaining to [his] case, the Virginia Parole Board's decision in April 1, 2011 [was] not to grant [him] Conditional Release ...." The VPB cited as the reason for its decision the serious nature of plaintiff's offense and the risk he would pose to the community. Plaintiff was informed that he could resubmit his petition annually. Compl., Ex. 2; Muse Aff., Att. B. Plaintiff appealed the VPB's decision on April 7, 2011, arguing that his application was not reviewed in accordance Virginia Parole Board Administrative Procedure § 1.226, because it was summarily denied and was not advanced to the "Assessment Interview" level of review. Compl., Ex. 1; Muse Aff., Att. C. On June 10, 2011, plaintiff's request for appeal was denied, on the ground that "[s]erious nature of offense is a valid reason to deny geriatric consideration based on your crime." Compl., Ex. 1; Muse Aff., Ex. C.

Plaintiff filed the initial complaint in this action on October 28, 2011,[1] alleging that the VPB failed to follow its own written procedures in denying his petition for geriatric release, and that his right to due process thereby was violated. The sole named defendant was William Muse, and as relief, plaintiff sought declaratory and injunctive relief in the form of an order requiring the VPB "to stop ignoring its own written procedures and ... to conduct the personal interviews

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Fulton signed the initial complaint on October 28, 2011, and in the absence of evidence to the contrary it is assumed that he delivered it to prison authorities for mailing on that same date.

the policy requires." On February 6, 2012, defendant filed an Answer and a Motion to Dismiss, along with a supporting memorandum and exhibits. On February 10, 2012, plaintiff filed a supplemental complaint, in which he refined his formerly general claim into four specific allegations: (1) defendant failed to follow the mandatory procedures adopted by the VPB regarding review of petitions for geriatric conditional release; (2) defendant's actions were arbitrary and capricious; (3) defendant failed to ensure that plaintiff receive a personal assessment interview; and (4) defendant failed to provide a written assessment of plaintiff's suitability for release on geriatric parole. On February 22, 2012, defendant filed a Motion for Summary Judgment as to the supplemental complaint, with an accompanying Memorandum of Law. Plaintiff subsequently submitted his objection to defendant's summary judgment requests along with a supporting declaration. Accordingly, this matter is now ripe for disposition.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion

for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Defendant Muse is plainly entitled to the summary judgment he seeks. A convicted person has no constitutional right to be released before the expiration of a valid sentence. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979); Meachum v. Fano, 427 U.S. 215, 224 (1976). While a liberty interest can be created by a parole system that mandates an inmate's release upon the occurrence of certain conditions, Board of Pardons v. Allen, 482 U.S. 369 (1976), Virginia inmates are released on discretionary parole only if and when they are deemed suitable for release, and under Virginia law the VPB has absolute discretion in such decisions. Garrett v. Commonwealth, 14 Va. App. 154 (1992). Because the decision to grant discretionary parole thus is dependent upon "subjective evaluations and predictions of future behavior," it does not create a liberty interest in inmates' parole release. Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991) (*en banc*); Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998).

Moreover, because inmates have no liberty interest in discretionary parole release under Virginia law, "neither can they have any liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process." Hill v. Jackson, 64 F.3d 163, 171 (4th Cir. 1995), quoting Ewell v. Murray, 11 F.3d 482, 488 (4th Cir. 1993), cert. denied, 511 U.S. 1111 (1994). Due process in this context requires that, "at most," parole authorities must "furnish to the prisoner a statement of its reasons for denial of parole." Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1977) (*en banc*), cert. denied, 435 U.S. 1003 (1978). The Fourth Circuit recognizes that, "in sum ... federal courts must defer to state agencies applying state law and thus their oversight of state parole proceedings has been extremely limited." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996).

The VPB has established an administrative procedure to assess inmate requests for geriatric conditional release. Muse Aff. ¶ 5, Att. A. Pursuant to that procedure, when plaintiff submitted his application for release on geriatric parole, the VPB reviewed the petition, denied it by majority vote, and provided plaintiff with written notice of that decision. Muse Aff. ¶ 6, Att. B. Plaintiff sought an appeal of that result, his request was reviewed, and again he was provided with written notice that the appeal was not granted. Muse Aff. ¶ 7, Att. C. Under these circumstances, the limited amount of process due to plaintiff was satisfied. Franklin, 569 F.2d at 800.

It is well established that the failure of prison officials to follow their own established procedures, without more, does not rise to the level of a constitutional violation. See Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Nonetheless, plaintiff argues in both the initial and supplemental complaints that he is entitled to relief because the initial review of a request for geriatric parole is confined to determining whether the threshold criteria of the

5

applicant's offenses, time served, and age are met, and that if they are, the applicant is automatically entitled to have his petition proceed to the next level of review, which includes a personal interview. In this, he is simply mistaken. The relevant VPB policy provides that a petition is to be reviewed, along with the "Virginia Department of Corrections' central file and any other pertinent information" regarding the inmate. Muse Aff., Att. A. Following the initial review, "[t]he petition may be denied upon such review by majority vote of the Board." At that juncture, "if the petition is not denied, it will automatically be advanced to the next level of review." Id., emphasis added. In plaintiff's case, because his application for geriatric parole was denied upon initial review by a majority vote of the VPB, his alleged entitlement to a assessment interview did not arise.

Since plaintiff has no constitutional right to conditional release or to the procedure by which such a decision is made, and since due process was satisfied when plaintiff received written notice of the VPB's decision in his case, defendant is entitled to the summary final judgment he seeks. Because defendant has established his entitlement to judgment as a matter of law on plaintiff's claim, it is unnecessary for the Court to address his arguments on the question of qualified immunity.

### IV. Pending Motions

On January 9, 2012, defendant moved for an extension of time to respond to the complaint, and the motion was granted for a period of twenty (20) days by Order dated January 17, 2012. Now pending before the Court are plaintiff's motions to set aside that Order and to enter default judgment against defendant. Because defendant timely filed meritorious responses to the complaint and supplemental complaint, plaintiff's motions will be denied, as moot. In addition, defendant's Motion for Protective Order seeking relief from plaintiff's premature

discovery requests also is moot at this juncture, and will be denied on that basis.

## V. Conclusion

For the foregoing reasons, defendant's Motions for Summary Judgment will be granted, and summary judgment will be entered in his favor. Plaintiff's renewed Motion to Set Aside Court's Order, his Motion for Default Judgment, and defendant's Motion for Protective Order will be denied, as moot. An appropriate Order shall issue.

Entered this 14th day of August 2012.

Alexandria, Virginia

/s/
Claude M. Hilton
United States District Judge